IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES BOLLINGER** | ) <br> ) <br> ) CIVIL ACTION NO. |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| **JD PALATINE LLC** | ) <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT
### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant JD Palatine LLC for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### THE PARTIES

4. Plaintiff, James Bollinger, is an adult individual who resides in Philadelphia, PA.

5. Defendant JD Palatine LLC ("JDP") is a business entity and consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has its headquarters and a principal place of business located at 10675 Perry Hwy, #607, Wexford, PA 15090.

### FACTUAL ALLEGATIONS

6. In or around March 2021, Plaintiff was attempting to secure an apartment.

7. As part of Plaintiff's rental application, a consumer report was obtained from Defendant.

8. Defendant's report contained derogatory and inaccurate information about Plaintiff.

9. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

10. The inaccurate information includes, but is not limited to, felony convictions, including convictions for Operate Motor Vehicle during 2nd/Subsequent DWI License Suspension and Operate Motor Vehicle during License Suspension – 2nd Violation.

11. Plaintiff's felony convictions were, in fact, dismissed and vacated by the Court in 2017.

12. The derogatory inaccuracies appear to be caused by a misreading of public records. Any rudimentary inspection of the data would reveal the inaccuracies. Defendant obviously failed to employ such a procedure.

13. As a result of the inaccurate report Defendant sold about Plaintiff, Plaintiff was denied for an apartment.  The inaccurate criminal information within the report was a substantial factor for the denial.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including frustration, humiliation and embarrassment.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## PLAINTIFF v. JD PALATINE LLC

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

23.   Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)   Actual damages;

(b)   Statutory damages;

(c)   Punitive damages;

(d)   Costs and reasonable attorneys'; and

(e)   Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQ.
SIOBHAN E. MCGREAL, ESQ.
1600 Market Street
Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Dated: April 22, 2022          *Attorneys for Plaintiff*