## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES BOLLINGER**, | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | **2:22-cv-1576-NIQA** |
| **JD PALATINE, LLC**, | |
| Defendant. | |

## ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT BY DEFENDANT, JD PALATINE, LLC

AND NOW comes Defendant, JD Palatine, LLC, ("JD Palatine") by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and hereby answers the Complaint brought by Plaintiff, James Bollinger ("Plaintiff"). In support thereof, JD Palatine avers as follows:

### I.   ANSWER TO NATURE OF CASE

1.     Admitted in part and denied in part. JD Palatine admits that Plaintiff has filed a lawsuit against it premised on claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA").  JD Palatine denies that it violated the FCRA.

### II.   ANSWER TO JURISDICTION AND VENUE

2.     Denied.  JD Palatine denies the allegations in this paragraph as they consist of conclusions of law.  JD Palatine refers all questions of law to the Court.

3. Denied. JD Palatine denies the allegations in this paragraph as they consist of conclusions of law. JD Palatine refers all questions of law to the Court.

### III.    ANSWER TO PARTIES

4. Admitted in part and denied in part. JD Palatine admits that Plaintiff is an adult individual. JD Palatine lacks sufficient information or belief as to the address where Plaintiff resided at all times material to his claims and therefore denies these allegations. By way of further answer, JD Palatine upon information and belief asserts that Plaintiff was a resident of Maryland at the time to tenant screening report was completed by JD Palatine. JD Palatine denies the remaining allegations in this paragraph as they consist of conclusions of law. JD Palatine refers all questions of law to the Court.

5. Admitted in part and denied in part. Defendant admits that it has a principal place of business and headquarters in the Western District of Pennsylvania. JD Palatine admits that, at times, it conducts business in the Eastern District of Pennsylvania. JD Palatine denies the remaining allegations in this paragraph as they consist of conclusions of law. JD Palatine refers all questions of law to the Court.

### IV.    ANSWER TO PLAINTIFF'S FACTUAL ALLEGATIONS

6. Admitted. JD Palatine, upon information and belief, admits that Plaintiff was attempting to rent an apartment on or about March 2021.

7. Admitted in part and denied in part. JD Palatine admits that it prepared a background report of Plaintiff for the rental agency. JD Palatine

lacks sufficient information or belief as to whether the report prepared by it was part of the rental application. Unless admitted, the remaining allegations are denied.

8.      Denied. JD Palatine denies this conclusory allegation and leaves Plaintiff to his proofs.

9.      Admitted in part and denied in part. JD Palatine admits only that it completed a single background report of Plaintiff that contained information relating to Plaintiff's criminal history, which was sent to a single potential property lessor. JD Palatine denies the remaining conclusory allegations in this paragraph.

10.     Denied. JD Palatine admits that the background report of Plaintiff contained information relating to Plaintiff's criminal convictions. JD Palatine denies Plaintiff's characterization of the Plaintiff's background report, as it is a writing that speaks for itself.

11.     Denied. JD Palatine lacks sufficient information or belief as to the allegations in this paragraph and therefore denies these allegations.

12.     Admitted in part and denied in part. JD Palatine admits that any error of Plaintiff's background report would have been the result of misinterpretation and misreading of Plaintiff's criminal history despite its reasonable procedures to ensure maximum possible accuracy.  By way of further answer, JD Palatine's production of the background screening report satisfied the requirements of the FCRA, as JD Palatine employed reasonable procedures to ensure maximum possible accuracy in the course of assembling

and producing Plaintiff's background report and JD Palatine did establish and implement strict procedures to maintain complete and up-to-date public record information. By way of further answer, a copy of the background report was sent to Plaintiff and JD Palatine never received a dispute of the information from Plaintiff.

13.     Admitted in part and denied in part. JD Palatine lacks sufficient information and belief as to whether Plaintiff was denied an apartment and whether Plaintiff was denied an apartment because of the alleged errors in his criminal background. As such, JD Palatine denies the allegations set forth in this paragraph.

14.     Denied. JD Palatine, upon information and belief, denies that Plaintiff was denied an apartment because of the alleged errors in his criminal background. JD Palatine denies the remaining conclusory allegations in this paragraph.

15.     Admitted in part and denied in part. JD Palatine admits that its employees and agents who conducted the investigation and prepared the background report of Plaintiff was acting within the scope of their employment. Unless admitted, the remaining allegations are denied.

16.     Denied. JD Palatine denies it conduct could be deemed intentional, willful, reckless and/or grossly negligent.

### V.     **ANSWER TO FIRST CLAIM-FCRA**

17.     No response is required to this paragraph as Plaintiff is merely incorporating his allegations in prior paragraphs by reference.  To the extent

that a response is deemed necessary, JD Palatine incorporates its responses to Paragraphs 1 through 16 as though fully set forth herein at length.

18.     Denied.  JD Palatine denies the allegations in this paragraph as they consist of conclusions of law.  JD Palatine refers all questions of law to the Court.

19.     Denied.  JD Palatine denies the allegations in this paragraph as they consist of conclusions of law.  JD Palatine refers all questions of law to the Court.

20.     Denied.  JD Palatine denies the allegations in this paragraph as they consist of conclusions of law.  JD Palatine refers all questions of law to the Court.

21.     Denied.  JD Palatine denies the allegations in this paragraph as they consist of conclusions of law.  JD Palatine refers all questions of law to the Court.   By way of further answer, JD Palatine denies that its conduct in the preparation of Plaintiff's background report was either willful or negligent. JD Palatine's production of the background screening report satisfied the requirements of the FCRA, as JD Palatine employed reasonable procedures to ensure maximum possible accuracy in the course of assembling and producing Plaintiff's background report and JD Palatine did establish and implement strict procedures to maintain complete and up-to-date public record information.

22.     Denied. JD Palatine, upon information and belief, denies that Plaintiff was denied an apartment because of the alleged mistake in his

criminal background. JD Palatine denies the remaining conclusory allegations set forth in this paragraph.

**ANSWER TO DEMAND FOR A TRIAL BY JURY**

23.     Admitted in part and denied in part. JD Palatine admits that Plaintiff seeks a trial by jury. JD Palatine denies that Plaintiff is entitled to a trial by jury in the absence of any viable claims against JD Palatine.

**VIII.  ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF**

JD Palatine denies that Plaintiff presents a plausible FCRA claim. JD Palatine denies violating the FCRA, as JD Palatine complied with all requirements pursuant to the FCRA as it relates the background screening report that disclosed the source of the criminal recording information. JD Palatine maintained strict procedures designed to ensure that the production of public record information that could have an adverse effect on the consumer's ability to lease an apartment was complete and up-to-date. JD Palatine also maintained and utilized reasonable procedures to insure maximum possible accuracy in its tenant screening report for Plaintiff. Therefore, Plaintiff has failed to present a valid FCRA claim and is not entitled to recover any damages in the absence of a viable claim. As such, Plaintiff is not entitled to any relief in the absence of any viable claims against JD Palatine under the FCRA. Therefore, Plaintiff has not advanced a viable claim against JD Palatine premised on FCRA and is not entitled to recover any damages in the absence of a viable claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

JD Palatine followed reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in any consumer reports relating to him and otherwise made good faith efforts to comply the with the FCRA.

### SECOND AFFIRMATIVE DEFENSE

JD Palatine maintained and utilized strict procedures to ensure that the information placed on its background screening report for Plaintiff was complete and up to date. JD Palatine identified a criminal conviction in the name of Plaintiff. As a result of the methodical, deliberative, complete and up-to-date approach by JD Palatine, JD Palatine made the discretionary determination to include this criminal information in the background screening report. This investigation was contemporaneous with the production of the background screening report. Therefore, Plaintiff's claims against JD Palatine fail in light of JD Palatine's compliance with 15 U.S.C. § 1681k(a)(2) of the FCRA.

### THIRD AFFIRMATIVE DEFENSE

JD Palatine maintained and utilized reasonable procedures to insure maximum possible accuracy in the creation and production of the background screening report. Therefore, Plaintiff's individual claims premised on 15 U.S.C. § 1681e(b) of the FCRA are fatally flawed and should be dismissed or withdrawn.

## FOURTH AFFIRMATIVE DEFENSE

JD Palatine's reading of its obligations under Sections 1681g and 1681k of the FCRA, were patently reasonable. Therefore, if JD Palatine is somehow deemed to have violated the FCRA with respect to Plaintiff, such violations cannot be deemed willful, reckless or malicious. Plaintiff is not entitled to recover under 15 U.S.C. § 1681n.

## FIFTH AFFIRMATIVE DEFENSE

The FCRA does not require perfection or error-free reports, but, rather, requires that a credit reporting agency maintain reasonable procedures to assure maximum possible accuracy as to information included in a credit report. JD Palatine admits that it maintained and utilized reasonable procedures to assure maximum possible accuracy in preparing the background screening report for Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because JD Palatine's reading of its obligations under the FCRA and its conduct relative to Plaintiff are objectively reasonable.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were not proximately caused by JD Palatine.

## RESERVATION OF RIGHTS

JD Palatine reserves the right to assert any other affirmative defense not provided for herein upon further investigation and discovery.

**WHEREFORE**, Defendant JD Palatine, LLC, respectfully requests this Honorable Court deem this Answer good and responsive and provide JD Palatine with all relief as the Court deems just and equitable.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: **/s/ *Lawrence J. Bartel***
Lawrence J. Bartel
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
☎ (215) 717-4022
🖷 (215) 693-6650
🖂 Lbartel@grsm.com
Attorney for Defendant

Date: September 28, 2022

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant JD Palatine, LLC's Answer to Plaintiff's Complaint was electronically filed and served via the Court's Electronic Filing Email System, on this 28th day of September, 2022 on all parties and counsel of record.

Respectfully submitted,

By: */s/ Lawrence J. Bartel*
Lawrence J. Bartel